IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DONALD WAYNE INGLE, JR., #769010 | § | |
| VS. | § | CIVIL ACTION NO. 6:09cv233 |
| BRAD LIVINGSTON, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER DENYING PRELIMINARY INJUNCTION

Plaintiff Donald Wayne Ingle, Jr., an inmate confined at the Coffield Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned pursuant to 28 U.S.C. § 636(c). The present Memorandum Opinion concerns the Plaintiff's third motion for a preliminary injunction (docket entry #52).

The Plaintiff alleges that a doctor diagnosed him with celiac disease in July, 2008. The Food Services Department was instructed to give him a gluten-restricted diet. Nonetheless, he has been given a diet that is not wholly gluten-free. In the present motion, he asked that Defendant Beil, his successors, agents, employees and all persons acting in concert with him, be ordered to provide him a meat-free, gluten-free and hypercaloric meal or a transfer to a smaller unit that would be more willing to assist him with a meal that is not going to cause his slow and painful death.

The motion is governed by Rule 65 of the Federal Rules of Civil Procedure. A preliminary injunction is typically granted, pending trial on the merits, to prevent irreparable injury that may result before a dispositive trial. *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir. 1985). The

1

measures are designed to protect, for example, the *status quo* of the parties or the evidence the movant will need to use at trial to litigate his claims. To grant or deny a preliminary injunction is within the discretion of the trial court. *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

The prerequisites for a preliminary injunction are: (1) substantial likelihood that the moving party will prevail on the merits of the underlying suit, (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to the movant outweighs the threatened harm the injunction may do to the nonmovant, and (4) that granting the preliminary injunction will not disserve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.d 2d 728, 729 (5th Cir. 1984). Since a preliminary injunction is such an extraordinary, and perhaps drastic remedy, one is not granted unless the movant clearly carries the onerous burden of persuasion as to all the elements. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983). Given the nature of the public interest at stake, the balance of equities favors the exercise of restraint in granting requests for injunctive relief requiring judicial intervention in matters of prison administration. *See Godinez v. Lane*, 735 F.2d 1250, 1261-62 (7th Cir. 1984).

In the present case, the Plaintiff did not clearly demonstrated that there is a substantial likelihood that he will prevail on the merits of his claims. The Court would add that the issue of whether the food that he is served is appropriate is an issue that will have to be decided by the trier of fact in the case and it is unclear whether he will succeed on his claims. Secondly, the Plaintiff did not clearly demonstrate that there is a substantial threat that he will suffer an irreparable injury if the injunction is not granted. Again, the question of whether the food he is being served is appropriate will have to be decided by the trier of fact. Similarly, the issue of an irreparable injury due to the lack of appropriate food hinges on a determination whether the food that is being provided to him is

inappropriate. Third, he failed to clearly show that the threatened injury outweighs the harm of an injunction to the nonmovant. Finally, he failed to clearly show that a preliminary injunction would not disserve the public interest. The Plaintiff has failed to clearly carry the burden of persuasion on any of the four prerequisites required to establish the need for a preliminary injunction. The motion should be denied. The Court would add that the Plaintiff may not use a motion for a preliminary injunction as a means to obtain the relief that he is ultimately trying to obtain by pursuing this lawsuit. The Plaintiff has requested a jury trial, and the jury will have to decide the ultimate factual issues in this case. It is accordingly

**ORDERED** that the Plaintiff's third motion for preliminary injunction (docket entry #52) is **DENIED**.

**So ORDERED and SIGNED this 6th day of January, 2010.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE